**Carlos MARCELLO, Plaintiff**

v.

**Robert F. KENNEDY et al., Defendants.**

Civ. A. No. 1035–61.

United States District Court
District of Columbia.

May 12, 1961.

See also 194 F.Supp. 750.

Jack Wasserman, David Carliner, Lawrence Speiser, Washington, D. C., for plaintiff.

Gil Zimmerman, Asst. U. S. Atty., Washington, D. C., for defendants.

Before DANAHER, Circuit Judge, and HOLTZOFF and CURRAN, District Judges.

DANAHER, Circuit Judge.

Plaintiff on April 5, 1961, filed in the District Court an action for declaratory judgment and for other relief naming as defendants the Attorney General and the

Commissioner of Immigration. The plaintiff had been arrested and summarily deported on April 4, 1961. The plaintiff moved for a preliminary and permanent injunction to require the defendants to return the plaintiff from Guatemala and to restrain the defendants from enforcing 8 U.S.C.A. § 1253(a) (7).

Plaintiff in his "Points and Authorities" in support of his motion for injunction, argued that a substantial constitutional question was presented, arising under the Eighth Amendment, in that the alien had lived in the United States as a lawful permanent resident for more than fifty years, and that he might not, consistently with due process and the prohibition against the imposition of cruel and unusual punishments "be deported to a country where he has never been, even momentarily, where he has no duties, no residence [and] no citizenship." Additionally, it was contended, a Fifth Amendment question was presented in that consent of the Republic of Guatemala to accept the deportee had been based upon the knowingly false misrepresentation of the defendants' agents that the plaintiff had been born in Guatemala. The Government in all other proceedings against this plaintiff had contended he was a native of Tunis.

The plaintiff previously had been held deportable, Marcello v. Bonds, 1955, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107. The Supreme Court there described Marcello as a native of Tunis, Africa.

28 U.S.C. § 2282 (1958) provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

Plaintiff's "Request for Three Judge Court," accordingly and out of an abundance of caution, was submitted by Judge Holtzoff to Chief Judge Miller who by order of April 21, 1961, convoked this three judge District Court agreeably to the provisions of 28 U.S.C. § 2284 (1958).

This plaintiff already was in Guatemala at the time his application for an injunction was filed. Plaintiff's motion did not allege that 8 U.S.C.A. § 1253(a) (7) is repugnant to the Constitution of the United States, but rather that the statute, as applied and in the light of the allegations of his complaint, had become the predicate for a course of unlawful conduct on the part of the officers charged with the enforcement of the Act.

The defendants filed an opposition to the plaintiff's motion for injunction and to his request for the convening of the three judge court, and further moved for dismissal of the complaint. The case was set down for argument on May 2, 1961, when the parties appeared by counsel and were fully heard.

The court being thus advised in the premises has concluded that no injunction shall issue. We are satisfied that the provisions of 8 U.S.C.A. § 1253 represent a constitutional exercise of congressional power. See generally, United States v. Spector, 1952, 343 U.S. 169, 72 S.Ct. 591, 96 L.Ed. 863; Harisiades v. Shaughnessy, 1952, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586. At most, the allegations of plaintiff's complaint present a claim of "unconstitutionality of the result obtained by the use of a statute which is not attacked as unconstitutional. The latter petition does not require a three-judge court." Ex parte Bransford, 1940, 310 U.S. 354, 361, 60 S.Ct. 947, 951, 84 L.Ed. 1249. Our decision is that this court as presently constituted should be dissolved. Cf. Osage Tribe of Indians v. Ickes, D.C.D.C.1942, 45 F.Supp. 179, 187.

Expressly left open are such other questions as may have been raised and which may be presented in such further proceedings as the parties may be advised to pursue. The case will be remitted to District Judge HOLTZOFF for appropriate action, and an order will be entered accordingly.